IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOWARD E. LEVENTHAL,

                           Petitioner,

    v.

WARDEN ALISHA KRAUS,[1]

                         Respondent.

OPINION AND ORDER

26-cv-264-wmc

---

Petitioner Howard E. Leventhal, who is representing himself while in state prison, has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction in Ozaukee County Case No. 2024CF261. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even under this lenient standard, the court must dismiss this action for the reasons explained below.

OPINION

On September 8, 2025, petitioner was sentenced to five years' imprisonment followed by five years of extended supervision in Ozaukee County Case No. 2024CF261 after a jury found him guilty of stalking (two counts) in violation of Wis. Stat. § 940.32. (Dkt. #1, at 1.)

---

[1] The original petition identifies Warden Alicia Kraus of the Oakhill Correctional Institution as respondent. (Dkt. #1, at 1.) Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the court corrects the spelling of respondent's name to accurately identify the state official having custody of petitioner.

Petitioner has filed an appeal, which remains pending before the Wisconsin Court of Appeals, No. 2026AP383-CR.  (*Id*. at 2.)  Petitioner now seeks habeas corpus review, alleging multiple "malfunctions" associated with his state court proceeding.

A federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation.  *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007).  Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly."  *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted).  To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court.  *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Petitioner argues that exhaustion should not be required because of unspecified "[s]ubterfuge and frauds" in the state court system, but he does not show that appellate and post-conviction remedies are unavailable to him.  Indeed, court records confirm that his appeal remains pending. [2]  The United States Supreme Court has long held that a federal habeas

---

[2] Courts may take judicial notice of the state court records.  *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

petition "should be dismissed if the [petitioner] has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Ex parte Royall*, 117 U.S. 241 (1886)).  Because petitioner has clearly failed to exhaust state court remedies that are available to him and ongoing, his petition must be dismissed.

Finally, because reasonable jurists would not debate whether the petition is unexhausted, the court will not issue a certificate of appealability.  *See Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (requiring a habeas petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner").

## ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Howard E. Leventhal (dkt. #1) is DISMISSED without prejudice as unexhausted.

2. All pending motions are DENIED as MOOT.

3. A certificate of appealability is DENIED.

4. The clerk of court shall enter judgment and close this case.

Entered on this 28th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3